WILLIAM D. FRUMKIN
ELIZABETH E. HUNTER

# FH FRUMKIN & HUNTER LLP

PARALEGAL
JANET M. HOWELL

WRITER'S E-MAIL: WFrumkin@frumkinhunter.com

September 28, 2018

*Via ECF - letter*
Judge Lawrence E. Kahn
United States District Court
James M. Hanley Federal Building
100 S. Clinton St.
Syracuse, New York 13261

      Re:    *Nancy Rodriguez Walker v. Fitzpatrick and McGunnigle*
            *Our File No.: 14-8588*
            *NDNY Case No. 15 Civ. 00047*

Dear Judge Kahn:

      As you are aware, we represent Plaintiff Nancy Rodriguez Walker in the above-referenced matter. We write in response to Your Honor's September 21, 2018 Decision and Order (Dkt. No. 146) denying Plaintiff's Letter Motion seeking to file her summary judgment opposition papers and related documents under seal (Dkt. No. 142) and directing Plaintiff to either file unsealed, non-redacted opposition papers or explain why sealing or redacting them is necessary within seven days.

      Sealing the summary judgment papers and related documents is necessary due to the Stipulation and Order of Confidentiality that was signed by the parties and "so ordered" by the Court on April 5, 2018 (Dkt. No. 115). Specifically, Section 2(c) of the Stipulation and Order of Confidentiality defines "Confidential information" as "information, not generally available to the public, ... pertaining to: Plaintiff's tax, financial, medical, or criminal records..." Here, the parties' summary judgment papers and exhibits contain extensive information regarding Plaintiff's criminal records, which should be treated as confidential. Information concerning Plaintiff's criminal records should be treated as confidential especially because Plaintiff was acquitted and her criminal record was sealed pursuant to New York Criminal Procedure Law §160.50, which provides that "all official records and papers ... relating to the arrest or prosecution, shall be sealed and not made available to any person or public or private agency." N.Y. Crim. Proc. Law §160.50(c); *see also Harris v. City of N.Y.*, No. 09 CV 3474 (KAM), 2012 U.S. Dist. LEXIS 185270, at *6-7 (E.D.N.Y. July 9, 2012) ("The [criminal records sealing] statute is designed to 'balance the rights of a former defendant to restrict and obtain access to official records and papers in favorably terminated criminal proceedings' by 'requiring sealing in a wide variety of contexts and providing for the disclosure of sealed files in

Judge Lawrence E. Kahn -2- September 28, 2018

only limited circumstances'"); *Bertuglia v. City of N.Y.*, No. 11 Civ. 2141, 2014 U.S. Dist. LEXIS 19982, at *6 (S.D.N.Y. Feb. 15, 2014)("[t]he primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution.").

Moreover, sealing the summary judgment papers and related documents is necessary because some of the documents and deposition testimony provided by non-parties should be treated as confidential, especially including the confidential memoranda and emails from the Inspector General's office. *See Hillary v. Vill. of Potsdam*, No. 7:12-cv-1669 (GLS/DEP), 2015 U.S. Dist. LEXIS 25141, at *11 (N.D.N.Y. Mar. 3, 2015)("although the sealed documents, submitted in conjunction with summary judgment motions, are subject to a presumption of public access, the court is satisfied, upon review of the motion papers and attached exhibits, that the documents subject to the protective order were properly placed under seal, as they reflect sensitive information about an ongoing investigation..."), citing *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988)(noting the existence of a privilege "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation in law enforcement privilege as an interest worthy of protection.") and *In re Sealed Search Warrants Issued June 4 & 5, 2008*, No. 08-M-208, 2008 U.S. Dist. LEXIS 107711 at *4 (N.D.N.Y. July 14, 2008)("At this stage, the public has at least as great an interest in preserving the integrity and security of criminal investigations as in obtaining access to judicial documents."). Therefore, in order to protect the confidentiality of the Inspector General investigations, and the interests of the non-parties, who did not elect to become involved in this lawsuit, the summary judgment papers and related documents should be filed under seal.

Thank you for your consideration.

Very truly yours,

William D. Frumkin

cc: Carol Rhinehart, Esq.(via email and ECF)